# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| TERRY MONTGOMERY | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv197 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Terry Montgomery, an inmate confined at the Federal Correctional Institution in Adelanto, California, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

## Discussion

Petitioner claims he was improperly sentenced as a career offender.

## Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Petitioner is currently confined at the Federal Correctional Institution in Adelanto, California where he was located when he submitted the petition. The city of Adelanto is located in San

---

[1] Petitioner's letter dated April 6, 2011 was liberally construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and filed as the above-styled action.

Bernadino County, California. San Bernadino County is located within the jurisdictional boundaries of the United States District Court for the Central District of California. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is confined rather than dismissed for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this   1   day of           June          , 2011.

*Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE